IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FORREST HODGES,            *
                           *
         Plaintiff,        *
vs.                        *    No. 4:17-cv-00059-SWW
                           *
                           *
ALL WEATHER INSULATIONS    *
PANEL,                     *
                           *
         Defendant.        *

## OPINION AND ORDER

On January 31, 2017, Forrest Hodges filed this pro se action against defendant All Weather Insulations Panel alleging employment discrimination. By order entered February 7, 2017, the Court instructed Hodges that he is required to be familiar and comply with all of the Federal Rules of Civil Procedure as well as the Local Rules of this Court and that failure to comply could result in dismissal of this action.

Now before the Court is a motion of defendant to dismiss for Hodge's failure to comply with a Court order [doc.#23] and a motion of defendant for attorney's fees [doc.#25]. Hodges has not responded to defendant's motions and the time for doing so has passed. For the reasons that follow, the Court

grants both defendant's motion to dismiss and its motion for attorney's fees.

I.

On May 19, 2017, defendant filed a motion to compel Hodges' compliance with the Federal Rules of Civil Procedure. Defendant stated that Hodges, in violation of the signature requirements established in Fed. R. Civ. P. 26(g)(1), provided multiple copies of Initial Disclosures that were signed by a non-attorney who has a similar pending matter before another Judge in the Eastern District of Arkansas--*Bibbs v. All Weather Insulation Panels*, No. 4:17-cv-00046-JLH--and that also failed to include the proper signature block. Defendant stated that it made multiple requests to Hodges to provide Initial Disclosures that were in compliance with the Federal Rules of Civil Procedure but that Hodges failed to do so and that Hodges should thus be compelled to provide Initial Disclosures that comply with the signature requirements established in Rule 26(g)(1). Hodges did not respond to defendant's motion to compel.

By order entered June 13, 2017, the Court granted defendant's motion to compel and ordered that within 10 days of the date of entry of the order, Hodges provide defendant with his Initial Disclosures that comply with the

signature requirements established in Rule 26(g)(1). The Court informed Hodges that failure to comply with the order would result in sanctions pursuant to Fed. R. Civ. P. 26(g)(3).

On June 30, 2017, defendant filed a motion to dismiss for Hodges' failure to comply with a discovery order or, in the alternative, motion for sanctions. Defendant stated that Hodges failed to comply with the Court's order to provide defendant with Initial Disclosures that are in compliance with Rule 26(g)(1) and that this action should thus be dismissed under Rule 26(g)(3) and Rule 37(b)(2) of the Federal Rules of Civil Procedure. Alternatively, defendant asked that Hodges be sanctioned by awarding it attorney's fees and costs. Hodges did not respond to defendant's motion to dismiss or for sanctions.

By order entered August 8, 2017, the Court declined to dismiss this action but did find that because Hodges did not provide any justification, substantial or otherwise, for his failure to comply with Rule 26(g)(1) despite being ordered by the Court to do so, sanctions were appropriate under Rule 26(g)(3). The Court found that as an appropriate sanction, Hodges must pay defendant its reasonable attorney's fees and costs incurred for its motion to

compel and its motion to dismiss or for sanctions. In addition, the Court ordered that within 10 days of the date of entry of the order, Hodges must provide to defendant his Initial Disclosures that comply with the signature requirements established in Rule 26(g)(1). The Court informed Hodges that failure to comply with the order would likely result in the dismissal of this action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.

## II.

### A.

In its motion to dismiss, defendant states that Hodges has neither provided any documentation to defendant as ordered by the Court nor communicated with defendant in any manner and argues that the Court should thus exercise its power under Rules 37 and 41 and dismiss this action with prejudice. Defendant argues that Hodges intentionally and willfully abused the discovery process as well as failed to heed this Court's unambiguous warning that his continued failure to comply with the Federal Rules of Civil Procedure would likely result in dismissal of this action. Defendant argues that Hodges' refusal to comply with the Federal Rules of

Civil Procedure has caused it to waste considerable time and money defending a claim that Hodges has failed to prosecute.

Rule 37 of the Federal Rules of Civil Procedure allows the Court to consider numerous sanctions, including dismissal of an action, for failing to comply with an order compelling discovery. See Fed. R. Civ. P. 37(b)(2)(A)-(C). Rule 41(b) of the Federal Rules of Civil Procedure also authorizes district courts to dismiss a case when a plaintiff "fails to prosecute or to comply with these rules or a court order."

Dismissal as a sanction requires (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *Keefer v. Provident Life & Accident Ins. Co.,* 238 F.3d 937, 940–41 (8th Cir. 2001). Dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. *Arnold v. ADT Sec. Services, Inc.,* 627 F.3d 716, 722 (8th Cir. 2010). A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Id.* A district court should weigh its need to advance its burdened docket against the consequence of irrevocably

extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party.  *Id.*

The Court has carefully considered the matter and determines that dismissal of this action with prejudice is warranted.  Hodges has ignored and continues to ignore the requirement to provide defendant with Initial Disclosures that comply with the signature requirements established in Rule 26(g)(1) despite a warning that this action would likely be dismissed if he failed to do so.  He does not dispute the assertions regarding willful noncompliance contained in defendant's motion to dismiss.  Given this history, it can only be concluded that Hodges' failure to follow this Court's orders to provide defendant with Initial Disclosures that are in compliance with Rule 26(g)(1) is willful.  Defendant has also been prejudiced in that it has been forced to waste time and money defending a claim that Hodges' has failed to prosecute.  In addition, Hodges' failure to provide defendant with Initial Disclosures that are in compliance with Rule 26(g)(1) as twice ordered

by the Court has complicated the defense by creating uncertainty regarding the content of those disclosures.[1]

The Court has considered imposing lesser sanctions for Hodges' repeated refusal to provide defendant with Initial Disclosures that are in compliance with Rule 26(g)(1) but it is clear that Hodges' failure to do so is willful and will continue. That being so, and given the prejudice to defendant, the Court determines that dismissal of this action with prejudice is appropriate.

B.

The Court now turns to defendant's motion for attorney's fees, filed pursuant to the Court's August 8th order finding that Hodges must pay defendant its reasonable attorney's fees and costs incurred for its motion to compel and its motion to dismiss or for sanctions. In determining an appropriate fee, the Court will utilize the lodestar method, which the Court calculates by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). As

---

[1] The Court notes that should a dispute occur regarding the content of Hodges' disclosures, Hodges could attempt to defer responsibility to the non-party whose name appears on those disclosures.

7

to the hourly rates proposed by counsel, a reasonable hourly rate is generally the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated. *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002). The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Defendant seeks attorneys fees for 13.4 hours of work at the hourly rate of $295.00 and paralegal fees for 1.6 hours of work at the hourly rate of $115.00, for a total amount of $4,137.00. Hodges has not objected to the hours defendant's attorneys and paralegal claim they expended or the hourly rates they have charged and the Court finds nothing clearly baseless in the hours expended or the hourly rates. *Cf. All-Ways Logistics, Inc. v. USA Truck, Inc.*, No.3:06-cv-0087-SWW, 2007 WL 4285410, at *10 (E.D. Ark. Dec. 4, 2007) (finding in 2007 hourly rate of $300.00 for attorney and $90 hourly rate for paralegal to be reasonable); *Retro Television Network, Inc. v. Luken Communications*, LLC, No. 4:11-cv-00489-SWW, 2012 WL 682372, at *2 (E.D. Ark. March 2, 2012) (finding in 2012 hourly rate of $350.00 and

$300.00 respectively for attorneys to be reasonable). Accordingly, the Court awards defendant its total fee in the amount of $4,137.00.

III.

For the foregoing reasons, the Court grants defendant's motion to dismiss [doc.#23] and grants its motion for attorney's fees [doc.#25].[2] This action is hereby dismissed with prejudice and defendant is awarded attorney's fees (which includes paralegal fees) in the amount of $4,137.00. The Court will enter judgment accordingly.

IT IS SO ORDERED this 11th day of September 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's earlier motion to dismiss for failing to comply with a discovery order or, in the alternative, motion for sanctions [doc.#18] shows up as a pending motion. That motion, however, was resolved by the Court's order entered August 8, 2017 [doc.#22].